UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PEDRO GOMEZ

VERSUS

SID J. GAUTREAUX, ET AL.

CIVIL ACTION

NO. 14-169-JJB-SCR

**RULING**

This matter is before the Court on the defendants Sid J. Gautreaux, III, in his official capacity as Sheriff for the Parish of East Baton Rouge; Deputy Cody Grace; and Deputy Frank Zapata's Motion (rec. doc. 16) to Dismiss. Subsequent to the filing of this motion, the plaintiff submitted two amendments to his original complaint, in addition to filing an opposition to the motion. Rec. docs. 21, 27, and 28. Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS IN PART and DENIES IN PART** the defendants' Motion (rec. doc. 16) to Dismiss.

**Background**

At the outset, the Court disregarded the affidavits that the plaintiff attempted to put before this Court through attachments to his opposition. The following facts come from the plaintiff's original complaint and amendments, and these facts are taken as true for purposes of this ruling. The plaintiff alleges that defendants Grace and Zapata were deputy sheriffs for the Parish of East Baton Rouge. The plaintiff alleges that defendants Grace and Zapata "intentionally and deliberately violated [the plaintiff's] constitutional rights by inflicting injuries on [the plaintiff] by throwing him down to the concrete walkway as he was entering his home; after which the deputies began kicking him in his back and head while his hands were cuffed behind his back." Rec. doc. 27, p. 1. According to the complaint, the deputies took these actions despite

1

the fact that the plaintiff "was not guilty of any criminal offense." Rec. doc. 1, p. 2. The injuries from the attack necessitated a hospital trip in an ambulance. *Id.*

In addition, according to the plaintiff, defendant Gautreaux, as the Sheriff of East Baton Rouge Parish, did not enforce the rule or regulation that there must be an internal investigation if deputies inflicted injuries during an arrest, and the refusal "represented execution of a policy officially adopted that there would be no internal investigation of incidents where deputies caused injuries that required medical treatment." Rec. doc. 27, p. 1–2. Furthermore, the plaintiff alleges that this policy was "the moving force that resulted in more injuries from excessive force to minorities including the injuries to plaintiff which deprived Mr. Gomez and others of their constitutional rights because deputies knew there would be no investigation." *Id.* at p. 2. As a result of these actions, the plaintiff filed the present lawsuit, alleging violations under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and accompanying Louisiana state laws.

**Analysis**

1. <u>Legal Standard</u>

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677−78 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

2

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept "all well-pleaded facts as true and [view] them in a light most favorable" to the non-moving party. *Kramer v. Bisco*, 470 F.App'x 246, 246 (5th Cir. 2012) (per curiam). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

2. Official-Capacity Claim Against Sheriff Gautreaux

At the outset, the Court finds that the plaintiff failed to plead any fact alleging that Sheriff Gautreaux actually participated in the alleged beating of the plaintiff. Accordingly, any claims against Sheriff Gautreaux can only be "in his official capacity." In *Kentucky v. Graham*, the Supreme Court outlined the difference between individual-capacity and official-capacity suits:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives

3

> notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

473 U.S. 159, 165−66 (1985) (citations omitted). "A local government entity may be sued 'if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988)) (internal quotation marks omitted). To impose liability upon Defendant Gautreaux, in his official capacity, the plaintiff must show three elements: "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal quotation marks omitted). "More is required in an official-capacity action, . . . for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 167. There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

As the acting Sheriff for the Parish of East Baton Rouge, Sheriff Gautreaux would be the policymaker for the East Baton Rouge Parish Sheriff's Office. Therefore, the real issue is whether the plaintiff pleaded sufficient factual allegations regarding an "official policy" in order to overcome the Rule 12(b)(6) motion. An "official policy" is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

4

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). In the amended complaint, the plaintiff's sole allegation as to any official policy is that the refusal to conduct an internal investigation "represented execution of a policy officially adopted that there would be no internal investigation of incidents where deputies caused injuries that required medical treatment," and this policy was "the moving force that resulted in more injuries from excessive force to minorities including the injuries to plaintiff which deprived Mr. Gomez and others of their constitutional rights because deputies knew there would be no investigation." Rec. doc. 27, p. 1–2. The Court fails to see, based on the allegations, how this alleged policy could possibly be the "moving force" behind the defendants' alleged illicit action. *Zarnow*, 614 F.3d at 167. The Court cannot find that the lack of an internal investigation could possibly be a "moving force" behind an individual deputy proceeding to beat an unarmed individual without any provocation. Any allegation that there is a "direct causal link" between the alleged policy of refusing to conduct internal investigations and the beating defies belief. *Canton*, 489 U.S. at 385. Accordingly, the Court must dismiss the plaintiff's official-capacity claim against Sheriff Gautreaux.

3. <u>Official-Capacity Claims Against Deputy Grace and Deputy Zapata</u>

The plaintiff also asserts claims against defendants Grace and Zapata in their official capacity. However, as there is no allegation that these defendants are policymakers, and there is no indication that deputies within the East Baton Rouge Parish Sheriff's Office would be considered as such, the plaintiff failed to plead sufficient facts to state a claim for relief against Deputy Grace and Deputy Zapata, in their official capacity.

5

4. Individual-Capacity Claims Against Deputy Grace and Deputy Zapata

Nevertheless, the Court finds that the plaintiff pleaded sufficient facts to state a Section 1983 claim for relief against both defendant Grace and defendant Zapata, in their individual capacities. The plaintiff alleges that, despite not committing a criminal offense, these defendants threw "him down to the concrete walkway as he was entering his home" and kicked "him in his back and head while his hands were cuffed behind his back." Rec. doc. 27, p. 1. While the plaintiff pleads violations of the Fourth, Fifth, and Fourteenth Amendment, the plaintiff is seemingly averring that these officers utilized excessive force which resulted in the plaintiff's injuries. "To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "Next she must show that she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Id.* (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000)). Taking the factual allegations as true, the plaintiff provided sufficient factual allegations to state a Section 1983 excessive-force claim for relief against defendants Grace and Zapata, in their individual capacity. Additionally, at this time, the Court cannot make any finding regarding whether these defendants are entitled to qualified immunity. Accordingly, the Court finds that the plaintiff pleaded sufficient facts to state an excessive-force claim against the defendants Grace and Zapata, in their individual capacity.

5. Section 1985 Claim

Furthermore, the plaintiff attempts to plead a conspiracy claim under 42 U.S.C. § 1985. Of relevance to this case, "Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race."

*Jackson v. Biedenharn*, 429 F.App'x 369, 372 (5th Cir. 2011). *See also* 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)).

For the reasons stated in the defendants' motion and reply, the Court finds that the plaintiff failed to plead sufficient facts to state a 42 U.S.C. § 1985 claim. Rec. doc. 16-1, p. 5–8; rec. doc. 31, p. 4. All of the relevant members of this "conspiracy" were East Baton Rouge Parish Sheriff's Office personnel. Accordingly, pursuant to the "intracorporate conspiracy doctrine," the plaintiff has failed to plead sufficient facts to assert a 42 U.S.C. § 1985 claim. *See Boyd v. Calcasieu Parish Sheriff's Office*, 2013 WL 1857448 (W.D. La. May 2, 2013).

6. Claim for Punitive Damages

The defendants seek to dismiss the plaintiff's claim for punitive damages under Section 1983. After review, and taking the factual allegations as true, the Court finds that the plaintiff pleaded sufficient facts to overcome the Rule 12(b)(6) motion to dismiss. If accurate, the officers' conduct in throwing the plaintiff down to a concrete walkway, and then proceeding to kick him until he suffered injuries that required an ambulance trip to the hospital, could rise to the level of reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 37 (1983).

7. State Law Claims

The defendants' sole argument with regard to the plaintiff's state law claims is that the Court should decline to exercise supplemental jurisdiction over such claims. However, as there

are remaining federal law claims, the Court retains supplemental jurisdiction over the plaintiff's Louisiana state law claims.

## Conclusion

Therefore, the Court **GRANTS IN PART and DENIES IN PART** the defendants' Motion (rec. doc. 16) to Dismiss, as provided herein.

Signed in Baton Rouge, Louisiana, on July 1, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**