UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PEDRO GOMEZ                                                    CIVIL ACTION

VERSUS

NO. 14-169-JJB

SID J. GAUTREAUX, III, ET AL

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment (Doc. 35) brought by defendants Deputy Cody Grace (Deputy Grace) and Deputy "Unknown Zapata" (Deputy Zapata). Plaintiff Pedro Gomez (Gomez) filed an opposition (Doc. 37) to which the defendants replied (Doc. 40). Oral argument is unnecessary.

**Background**

While patrolling a neighborhood where there had been several "recent armed robberies and vehicle burglaries reported," Deputies Grace and Zapata noticed Gomez "duck down" between two vehicles. Gomez did not respond to either of the deputies' calls for his attention— the deputies ordered him to stop in English and then Spanish—prompting the deputies to pursue him. The deputies caught up with Gomez at the door of an apartment,[1] and as he was opening it, Deputy Grace threw him on the ground and handcuffed him. Here, the stories diverge; the deputies claim that this was the end of the encounter, and Gomez claims that the deputies punched and kicked him even after they had subdued him.

After detaining Gomez, the deputies called an ambulance because Gomez had several cuts and bruises; Gomez received treatment for a cut but did not take the ambulance to the hospital. Several days later, Gomez went to the emergency room for a severe headache. In March

---

[1] This apartment was later identified as Gomez's apartment.

1

of 2014, Gomez filed suit against Sheriff Sid Gautreaux and both deputies, alleging violations of his civil and constitutional rights; this Court dismissed (Doc. 32) Sheriff Gautreaux after he filed a Motion to Dismiss. Deputies Grace and Zapata filed this motion for summary judgment on the grounds that they are entitled to qualified immunity and thus immune from suit under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. Pegram v. Honeywell, Inc., 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. Id. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. Evans v. City of Bishop, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000).

## Analysis

Qualified immunity protects government officials—from suit under 42 U.S.C. §1983 and related statues, including §1985—performing "discretionary duties" when their actions are reasonable as to the rights that the officials allegedly violated. *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). Essentially, it is a defense available to "all but the plainly incompetent or those who knowingly violate the law." *Id.* (Internal Citations Omitted). The Fifth Circuit uses a two-part test to evaluate qualified immunity defenses: first, the Court determines whether the defendant's alleged action constitutes a violation of the plaintiff's constitutional rights, and second, the Court determines "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007). The Court may address the prongs of the qualified immunity test in any order. *Manis v. Lawson*, 583 F.3d 839, 843 (5th Cir. 2009).

I. Whether Defendants Violated Plaintiff's Constitutional Rights

Gomez claims that the deputies used excessive force, and excessive force claims are governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To establish a claim under § 1983 for excessive force, a plaintiff must first show that he was seized by the officers. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Then, a plaintiff must establish three further elements: first, that he suffered an injury; second, that the injury "resulted directly and only from" the excessive force; and third, that the forced used was objectively unreasonable. Regarding the third element, courts evaluate reasonableness from the viewpoint of a "reasonable officer on the scene." *Graham*, 490 U.S. at 396.

The defendants do not contest that Gomez was not seized; instead, they argue that Gomez cannot establish that the use of force was "objectively unreasonable." They point out that, from

3

the officers' view, an individual ignored[2] their commands and walked away from them in a neighborhood with a known crime problem. In response, they grabbed him and threw him on the ground to handcuff him; according to the defendants, this was reasonable because he was trying to enter an apartment that could have been inhabited by people unfamiliar to Gomez, creating a dangerous situation. However, Gomez testifies in his deposition that the officers kicked and punched him even after he was on the ground and immobilized by Deputy Grace. This testimony is sufficient to create a genuine dispute of material fact as to the reasonableness of the force; continued force after a suspect is under control is not reasonable. Gomez also suffered harm, the cut to his nose and the headache, that required medical attention, and there is sufficient evidence to support a finding that the officers' actions caused this harm. Consequently, there is still a genuine dispute of material fact regarding the first prong of the qualified immunity test: whether Gomez's constitutional rights were violated.

    II.       Whether Defendants' Actions Were Objectively Unreasonable

The primary inquiry for the second prong is whether the right is "clearly established" at the time of the purported violation. *Hope v. Parker*, 536 U.S. 730, 739 (2002). An individual is entitled to the qualified immunity defense if "a reasonable person would have believed that [their] conduct conformed to the constitutional standard in light of the information available . . . and the clearly established law." *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). Essentially, to be deprived of qualified immunity, the defendants must have had "fair warning" that their actions were unconstitutional or in violation of existing law. *Hope*, 536 U.S. at 741. Even if the officials were mistaken about the lawfulness of their actions, they are still protected if they did not have "fair warning" that their actions violated the individual's rights. *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Although the constitutional protection against

---

[2] Gomez claims he did not hear the deputies, but that is not relevant regarding the point of view of the officers.

excessive force is clear, the degree of force that qualifies as excessive in each incident is not necessarily clear to a "reasonable officer" involved in the incident. *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).

Deputies Grace and Zapata argue that because Gomez ignored their commands and appeared to be fleeing, it was reasonable for them to follow him. Further, Deputy Grace claims, his actions were reasonable because Gomez attempted to enter an unknown apartment and resisted being detained. Gomez argues that he did not hear the officers and reacted naturally to being grabbed. He also refers, again, to his deposition testimony that the deputies kicked and punched him after subduing him. The officers' arguments do not account for the reasonableness of using force on an already-neutralized suspect; even if they were reasonable in pursuing him and initially detaining him, once he was handcuffed and immobilized, a reasonable officer would not have thought it was lawful to continue kicking and punching the suspect. Therefore, Gomez's testimony is sufficient to establish a genuine dispute of a material fact as to the second element of the qualified immunity defense: whether the defendants' actions were objectively unreasonable.

## Conclusion

For the reasons stated, the Motion for Summary Judgment (Doc. 35) is DENIED.

Signed in Baton Rouge, Louisiana, on March 6, 2015.

　　　　　　　　　　　　　　　　　　　　　　
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**