UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PEDRO GOMEZ

VERSUS

SID J. GAUTREAUX, III, IN HIS OFFICIAL
CAPACITY AS SHERIFF FOR THE PARISH
OF EAST BATON ROUGE AND DEPUTY
CODY GRACE AND DEPUTY ZAPATA

CIVIL ACTION

14-169-JJB-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion (Doc. 45) for Summary Judgment brought by Defendants, Deputy Cody Grace ("Deputy Grace") and Deputy Frank Zapata ("Deputy Zapata") in their individual capacities. Plaintiff, Pedro Gomez ("Gomez"), has filed an opposition (Doc. 47) and defendants have filed a reply brief (Doc. 48). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' Motion (Doc. 45) for Summary Judgment is GRANTED.

I. **Background**

The evidence submitted on summary judgment establishes that around 9:40 p.m. on March 23, 2013, Deputies Grace and Zapata were patrolling a neighborhood in uniform in a marked sheriff's car due to recent armed robberies and vehicle burglaries. Deputy Grace observed Gomez duck between two vehicles. When Deputy Grace exited the vehicle, he observed Gomez turn around and begin to walk away. According to the Incident Report, Deputy Grace commanded Gomez to stop walking and then Gomez took off running. The deputies caught up with Gomez at the door of an apartment.[1]

The parties disagree on the following events. According to the deputies, Deputy Grace grabbed Gomez's left wrist, and as Gomez began to pull away, they both fell to the ground.

---
[1] This apartment was later identified as Gomez's apartment.

1

Gomez continued to struggle with the deputies as they handcuffed him. *Grace Depo*, Doc. 45-3, 18:8-20. Gomez claims that when he reached the door of his apartment he was grabbed from behind by the collar of his shirt and was thrown to the ground, after which he was beaten by Deputies Grace and Zapata. *Gomez Depo*, Doc. 45-5, 33-37. Gomez claims that he was not told to stop, did not run from the deputies, did not try to pull away from Deputy Grace, and did not struggle when he was handcuffed. *Id.* at 31-38.

After detaining Gomez, the deputies called an ambulance to treat Gomez's injuries. Several days later, Gomez went to the hospital for swelling of his face and a severe headache. Gomez was issued a misdemeanor summons for violation of La. R.S. § 14:108, Resisting an Officer. In exchange for dismissal of this charge, Gomez entered into a Pretrial Intervention Program, which he completed in October of 2013. *Gomez Answer to Interrog.*, Doc. 45-6, no.6. On March 24, 2014, Gomez filed this action asserting several claims against Sheriff Sid Gautreaux, Deputy Grace, and Deputy Zapata. (Doc. 1). The Court dismissed the claims against Sheriff Gautreaux finding that Gomez failed to plead any facts alleging that Sheriff Gautreaux participated in the alleged use of force against Gomez. (Doc. 32). The Court dismissed the official capacity claims against Deputies Grace and Zapata and a Section 1985 conspiracy claim against all defendants, but found that Gomez had stated a Section 1983 excessive force claim against Deputies Grace and Zapata in their individual capacities. *Id.* The Defendants now bring the present motion arguing that they are entitled to summary judgment on Gomez's excessive force claim.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment

2

carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.*

A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1). Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

Gomez's remaining § 1983 claim is for excessive force. The Defendants argue that Gomez's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to establish a cognizable claim for damages under § 1983 that would call into question or otherwise invalidate a conviction or sentence, a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Courts refer to this requirement as the "favorable termination rule." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The Supreme Court explained that if the plaintiff's claim sought to invalidate the

underlying conviction or sentence, such claim must be dismissed unless the plaintiff could show that the conviction or sentence had already been invalidated. *Heck*, 512 U.S. at 487.

Defendants argue that Gomez's remaining claims are barred by *Heck* because he entered into a Pretrial Intervention Program in exchange for the dismissal of the misdemeanor charge levied against him. Under *Heck*, courts have held that the plaintiff's voluntary participation and completion of a pretrial diversion program is a conviction. *See Buck v. E. Baton Rouge Sheriff's Office*, Civil Action No. 10-741, 2014 WL 2593852, *3 (M.D. La. June 10, 2014); *Bates v. McKenna*, Civil Action No. 11-1395, 2012 WL 3309381, *5 (W.D. La. Aug. 13, 2012); *see also Taylor v. Gregg*, 36 F.3d 453, 455-56 (5th Cir. 1994) (finding that entering into pretrial diversion program is not a favorable termination under *Heck*). There is no evidence that Gomez's conviction was invalidated by any of the means set forth in *Heck*. Therefore, in order for Gomez to state a cognizable claim under § 1983, he must show that a ruling in his favor will not call into question the validity of his conviction.

After reviewing the parties' submissions and the case law provided in support thereof, the Court finds that Gomez's claim is barred by *Heck*. Courts have held that a claim for excessive force cannot coexist with a conviction for offenses such as resisting an officer and/or battery of an officer when the plaintiff maintains that he did nothing wrong to warrant the force used against him as such claims "squarely challenge[] the factual determination that underlies his conviction[.]" *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004); *see also Walker v. Munsell*, 281 F. App'x 388, 390 (5th Cir. 2008) ("Appellant's claim . . . is based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the Appellee for no reason. . . . This type of excessive force claim is, therefore, the type of claim that is barred by *Heck* in our circuit."); *Bates*, 2012 WL 3309381, at *5; *Pratt v. Giroir*, Civil Action

4

No. 07-1529, 2008 WL 975052, *5 (E.D. La. Apr. 8, 2008) ("Fifth Circuit precedent is clear that whether the plaintiff alleges excessive force *during* or *simultaneous with* an arrest versus *after* an arrest results in distinct consequences under *Heck*."). Here, Gomez alleges that he did not struggle or offer resistance at any time during the arrest. *Gomez Depo*, Doc. 45-5, 34-38. He also denies having done anything wrong: "Even though Mr. Gomez was *not guilty of any criminal offense*, defendants charged him with resisting an officer to cover their tortious conduct." *Complaint*, Doc. 1 ¶ 7 (emphasis added). If the Court took these statements and allegations as true, it would squarely call into question the validity of his underlying conviction. Accordingly, Gomez's excessive force claim is barred by *Heck*.

### IV. Conclusion

For the reasons stated herein, the Defendants' Motion (Doc. 45) for Summary Judgment is GRANTED. All claims against Defendants, Deputy Cody Grace and Deputy Frank Zapata, are DISMISSED.

Signed in Baton Rouge, Louisiana, on August 17, 2015.

                                                     **JUDGE JAMES J. BRADY**
                                                     **UNITED STATES DISTRICT COURT**
                                                   **MIDDLE DISTRICT OF LOUISIANA**